UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT L. NEWELL &, | )   Docket no. 1:08-CR-56-P-S |
| JAMES J. PARISI, JR. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER ON MOTION TO SEVER**

Before the Court is Defendant Parisi's Motion to Sever Defendants (Docket # 40). The Court held oral argument on September 25, 2008. The Court has considered the written and oral submissions of counsel as well as the various statements by Defendant Newell, which were submitted under seal pursuant to Rule 14(b). The Court hereby DENIES the Motion to the extent it seeks separate trials or the empanelment of separate juries. However, as explained herein, the Court will EXCLUDE one statement from the Government's case-in-chief and require the Government to lay an adequate foundation before it references or seeks to elicit testimony as to other statements.

Defendant Parisi is named in twenty-one counts of a thirty-count indictment brought against him and Codefendant Robert Newell. Defendant Parisi essentially seeks a separate trial or, alternatively, a separate jury in order to avoid having prior out-of-court statements by Newell used as evidence against him at trial. Parisi claims that admission of such statements would violate his rights under the Confrontation Clause of the Sixth Amendment as elucidated by Bruton v. United States, 391 U.S. 123 (1968) and Crawford v. Washington, 541 U.S. 36 (2004). The Court considers the statements in two separate groups for purposes of this challenge.

1

I.     NEWELL'S STATEMENTS TO ALEX NICHOLAS

The Government plans to introduce a set of statements that Defendant Newell made to Passamaquoddy Tribe Police Chief Alex Nicholas. Defendant Parisi did not pinpoint statements from the seven-page transcript that he finds objectionable and so the Court proceeds on the basis that Parisi objects to all of the statements Newell made to Nicholas during the recorded meeting. As the Government represented at the oral argument, there are no references to Jim Parisi in the statements it intends to introduce from the Newell-Nicholas meeting. Absent an express implication of Parisi, there is no Bruton problem. See, e.g., United States v. Smith, 46 F.3d 1223 (1st Cir. 1995). Thus, the only question is whether introduction of such statements would violate Crawford, which applies only to testimonial hearsay.

As proffered by the Government, Newell's statements to Police Chief Alex Nicholas were made during an evening meeting at Newell's house. At the time, Police Chief Nicholas served at the pleasure of Governor Newell, who, as Governor, supervised the Indian Township Police Chief. The meeting was held at Newell's request after Nicholas failed to comply with Newell's instruction that the Police Chief direct federal agents to leave Indian Township. Unbeknownst to Newell, prior to going to the meeting, Nicholas had agreed to wear a hidden transmitter in order to record the meeting for federal agents. To the extent the hidden transmitter worked as intended,[1] it appears that Nicholas was trying to induce Newell into making various statements as part of an "off-the-record" or private meeting. In short, the statements made by Newell at this meeting do not clearly fall into the category of "testimonial hearsay" and are far from garden-variety "police interrogations." Rather, Newell had no idea that Nicholas was wearing a wire and no reasonable expectation that his statements would be available at a later

---

[1] Both sides admit that the transcript of the conversation between Newell and Nicholas is incomplete due to inaudible portions of the recording.

2

trial.  See United States v. Malpica-Garcia, 489 F.3d 393, 397-98 (1st Cir. 2007).  Because the statements are non-testimonial, Crawford is inapplicable.

In addition, the Government proffers that these statements qualify as "statements of a co-conspirator made in furtherance of the conspiracy."  (Gov't Response (Docket # 54) at 3.)  At this pretrial stage, it is hard for the Court to definitively predict whether the Government would lay an adequate foundation for admission of these statements pursuant to United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir.1977).  See, e.g., United States v. Cianci, 378 F.3d 71, 100-01 (1st Cir. 2004) (finding tape recorded conversations were properly admitted because they were "uttered as part of and in furtherance of the conspiracy").  However, there is no doubt that if the statements are ultimately admissible under the co-conspirator exception to the hearsay rule, they are not "testimonial" in nature and, therefore, not subject to exclusion under Crawford.  See Crawford, 541 U.S. at 56; see also Malpica-Garcia, 489 F.3d at 397.  In order to admit the statements pursuant to Rule 801(d)(2)(E), the Court will require the Government to lay an adequate foundation before referencing or introducing Newell's statements to Alex Nicholas to the extent that those statements involve the charges that the Government is pressing against Defendant Parisi.  Defendant Parisi is free to object at trial if he believes the foundation laid for admission pursuant to Rule 801(d)(2)(E) is inadequate.

## II.   NEWELL'S STATEMENTS TO FEDERAL AGENTS

The other statement at issue is Newell's statement to federal agents on August 22, 2006, in which he said: "the only two people at the Tribe who know what's going on" are "me and Jim Parisi."  The Government has argued that this statement is not "inculpatory on its face," as required to give rise to a Bruton problem.  United States v. Vega Molina, 407 F.3d 511, 520 (1st Cir. 2005)

Based on the current limited record, the Court believes it is difficult to assess what impact Newell's reference to Jim Parisi would have on the jury. While it will certainly be "inferentially" incriminating, the question is whether it will be "powerfully incriminating" absent the Government's linkage to other evidence. Gray v. Maryland, 523 U.S. 185, 192 (1998). In the Court's best pretrial assessment, this statement given its context has the potential to be "powerfully incriminating" and, as such, does raise a Bruton issue. Richardson v. Marsh, 481 U.S. 200, 208 (1987). However, the Court does not believe that this mere potential requires a separate trial or a separate jury. Rather, given the length of the trial and voluminous evidence, the Court believes that the best solution is to simply exclude from the Government's case-in-chief the singular reference to Defendant Parisi found in Newell's August 22, 2008 statement to federal agents.[2] In accordance with the Supreme Court's decision in Gray v. Maryland, 523 U.S. 185 (1998), this redaction can and should omit all references to Parisi and all suggestions in Newell's statement that someone other than him knew "what's going on." In the Court's current assessment, this redaction will allow the Government to introduce the statement that would be admissible against Newell pursuant to Rule 801(d)(2)(A). However, the redaction avoids the potential Bruton issue and also avoids a reference that is likely to confuse and mislead the jury (absent cross-examination of Newell).[3]

The Court believes this redaction also resolves any Crawford issue with respect to Defendant Parisi. However, upon request at trial, the Court will also give a limiting instruction

---

[2] The Court notes that its decision to craft this alternative remedy to the Bruton issue in this case is partially based on the Government's own representations that this statement is not a critical part of their evidence against Defendant Parisi. Rather, at the hearing, the Government acknowledged that it had considered consenting to exclusion prior to researching the issue and determining that, in their view, there was no Bruton issue. In other words, the Government ultimately chose not to consent to exclusion based on their perceived strength of their argument that the statement is not incriminating on its face and will only incriminate Parisi when linked with other evidence introduced at trial.

[3] Given this potential, the Court alternatively finds that the reference to Parisi can be excluded under Rule 403. Of course, both the Confrontation Clause and Rule 403 objections may be mooted if Defendant Newell takes the stand. See, e.g., United States v. Newport, 162 F.R.D. 414, 417 (D. Mass. 1995).

to the jury that Newell's statement as redacted can only be considered as evidence against Defendant Newell and is not to be considered by the jury in their assessment of the Government's case against Defendant Parisi.

### III. OTHER ASSERTED BASES FOR SEVERANCE

To the extent Defendant also argued for severance based on the Government seeking to admit Rule 404(b) evidence as to Defendant Newell or the fact the Newell and Parisi have incompatible defenses, the Court is satisfied that any prejudice from this type of evidence or argument can be cured via a limiting instruction. To the extent counsel wishes to have the Court give such an instruction, they should submit proposed limiting instructions for the Court's consideration.

### IV. CONCLUSION

As explained herein, Defendant Parisi's Motion to Sever Defendants (Docket # 40) is DENIED. The potential prejudice asserted by Defendant Parisi simply does not overcome the default rule that defendants who are indicted together, especially in a conspiracy, should be tried together. See United States v. Turner, 501 F.3d 59, 73 (1st Cir. 2007).

Rather, the Court believes that the redaction of one statement during the Government's case-in-chief will easily solve the potential for violation of Defendant Parisi's rights under the Confrontation Clause. Thus, as explained herein, the Government is hereby EXCLUDED from introducing as part of its case-in-chief the portion of Newell's August 22, 2006 statement that references Codefendant Jim Parisi. The Government shall prepare its witnesses and evidence accordingly. The Government will also be required to lay an adequate foundation before referencing or introducing Newell's statements to Nicholas to the extent that those statements involve the charges that the Government is pressing against Defendant Parisi. Based on the

Government's representations at oral argument, the Court anticipates that the only statements affected by this ruling are some statements that are related to Count Thirty.

These pretrial rulings are made only in order to allow counsel to plan for trial. The Court's rulings are without prejudice and subject to reconsideration during trial depending on the evidence presented and the objections, renewed or otherwise, made by counsel.

SO ORDERED.

                                                   /s/ George Z. Singal
                                                   Chief U.S. District Judge

Dated this 29th day of September, 2008.